IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| KENDERRELL PERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.  1:19-CV-196-WKW |
| | ) | [WO] |
| DETECTIVE DAVID BONE, | ) | |
| individually; TROOPER | ) | |
| THOMAS NALLS, individually; | ) | |
| and OFFICER JASON HARRIS, | ) | |
| individually, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Before the court is Defendant Trooper Thomas Nalls's motion to dismiss. (Doc. # 17.)  As grounds for his motion, Trooper Nalls invokes Rule 12(b)(6) of the Federal Rules of Civil Procedure and the affirmative defense of qualified immunity. Plaintiff Kenderrel Perry filed a response in opposition (Doc. # 21) to which Trooper Nalls filed a reply brief (Doc. # 22).  For the reasons to follow, Plaintiff will be required to replead his complaint; ruling on qualified immunity will be reserved to give Plaintiff an opportunity to replead; and Trooper Nalls's motion to dismiss will be denied without prejudice.

# I.  JURISDICTION AND VENUE

The court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343. Trooper Nalls does not contest personal jurisdiction or venue.

# II.  STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, a claim must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  The law "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.* (quoting *Twombly*, 550 U.S. at 555).  The complaint must contain more than "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  "Stated differently, the factual allegations in a complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief.'"  *Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 557, 559).

## III.  BACKGROUND

Plaintiff brings this 42 U.S.C. § 1983 action against Alabama State Trooper Thomas Nalls and two City of Clanton police officers (Detective David Bone and Officer Jason Harris).  This opinion addresses only the § 1983 claim against Trooper Nalls.[1]

The amended complaint alleges the following facts.  On March 24, 2017, as Plaintiff was travelling on Interstate 65 on a motorcycle, he "noticed patrol cars with their lights on as he approached Defendants."  (Am. Compl. ¶¶ 5–6.)  Detective Bone started to pursue Plaintiff.  Plaintiff "panicked" and "sped up."  (Am. Compl. ¶¶ 7, 8.)  Detective Bone then "sped up and struck Plaintiff's motorcycle with his vehicle."  (Am. Compl. ¶ 9.)  As a result, Plaintiff lost control of his motorcycle, "flew off," "slammed into the ground," and was "knocked unconscious."  (Am. Compl. ¶¶ 10, 11, 12.)  When he regained consciousness, Plaintiff "was unable to walk and was suffering from excruciating pain in his neck, arm, and legs."  (Am. Compl. ¶ 13.)  He had suffered a broken neck, broken wrist, and broken leg.  Plaintiff was transported to the Chilton County Jail, and he was not taken to a hospital until twenty-four hours after his booking at the jail.  (Am. Compl. ¶¶ 14, 18, 20.)

---

[1] The two city police officers have filed an answer denying the material allegations and raising affirmative defenses.  (Doc. # 18.)

Based on these allegations, Plaintiff brings a § 1983 claim against Trooper Nalls in his individual capacity for deliberate indifference to his serious medical needs in violation of the Fourteenth Amendment.  The claim is as follows:

> 27.   Defendant Thomas Nalls knew that Plaintiff had serious medical needs, namely, the inability to walk after been thrown from a motorcycle at a "high rate of speed."
> 28.   He chose not to take Plaintiff to the hospital to get the [sic] him the medical attention he desperately needed.
> 29.   He knew Plaintiff was in pain because Plaintiff told them so and screamed out because of the pain.
> 30.   Plaintiff alleges a violation of his rights under Section 1983 and the Fourteenth Amendment.
> 31.   Plaintiff was forced to suffer pain beyond that which was necessary due to Defendant's deliberate indifference to his need for medical attention.

(Am. Compl. ¶¶ 27–31.)

## IV.  DISCUSSION

"To prevail on a claim of deliberate indifference to serious medical need in violation of the Fourteenth Amendment, a plaintiff must show:  (1) a serious medical need; (2) the defendant's deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Youmans v. Gagnon*, 626 F.3d 557, 563 (11th Cir. 2010) (citation, internal quotation marks, alterations omitted); *see generally Goebert v. Lee County*, 510 F.3d 1312, 1326 (11th Cir. 2007) (The Due Process Clause of the Fourteenth Amendment "governs pretrial detainees . . . . However, the standards under the Fourteenth Amendment are identical to those under the Eighth [Amendment].").  "A serious medical need is one that has been

diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Youmans*, 626 F.3d at 564 (citation and internal quotation marks omitted).   Deliberate indifference to a serious medical need requires allegations establishing a defendant's "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." *Id.* (citation and internal quotation marks omitted) (alterations in original).   "[T]he subjective knowledge of one officer cannot be imputed to other officers." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1307 (11th Cir. 2009).   Additionally, Trooper Nalls is entitled to qualified immunity unless Plaintiff's allegations, taken as true, establish a violation of the Fourteenth Amendment right and that the unlawfulness of Trooper Nalls's conduct "was clearly established such that it provided fair warning" to him that he was violating that right. *Baas v. Fewless*, 886 F.3d 1088, 1093 (11th Cir. 2018) (citation, internal quotation marks, and alterations omitted).

Trooper Nalls argues that the § 1983 claim against him is subject to dismissal for at least five reasons.   First, he asserts that Plaintiff does not allege that Trooper Nalls was present on the scene after Plaintiff was struck by Detective Bone's vehicle and was ejected from his motorcycle.   This argument implies that there are insufficient facts to establish Trooper Nalls's personal participation in the failure of the officers at the scene to obtain immediate medical treatment for Plaintiff.   Second,

Trooper Nalls contends that there are insufficient facts to establish that he had subjective knowledge of a risk of serious harm to Plaintiff.  Third, he says that the amended complaint contains no facts establishing that he engaged in conduct that exceeds gross negligence.  Fourth, Trooper Nalls asserts that the amended complaint does not meet heightened pleading requirements.  Fifth, Trooper Nalls contends that, because there are no specific factual allegations alleging any wrongful action, he is entitled to qualified immunity.

Responding, Plaintiff contends that the allegations in the amended complaint satisfy the notice pleading requirements under Rule 8(a) of the Federal Rules of Civil Procedure.  He argues that the facts are sufficient to put Trooper Nalls on notice that "he was on the scene, acting under the color of state law, was aware of Plaintiff's serious medical needs, and failed to get medical attention for him."  (Pl.'s Resp. to Mot. to Dismiss, at 3 (Doc. # 21).)

Trooper Nalls is correct on some of his points.  There are two collective references to "Defendants" in the facts section of the amended complaint.  (Am. Compl. ¶¶ 6, 18.)   The pleading practice of referring to multiple defendants collectively as "defendants" is not prohibited.  *See Crowe v. Coleman*, 113 F.3d 1536, 1539 (11th Cir. 1997) ("When multiple defendants are named in a complaint, the allegations can be and usually are to be read in such a way that each defendant is having the allegation made about him individually.").  However, such collective

references present problematic pleading where the complaint "can[not] be fairly read to aver that all defendants are responsible for the alleged conduct."   *Kyle K. v. Chapman*, 208 F.3d 940, 944 (11th Cir. 2000) (alterations added).   That is the case here.

The allegations are ambiguous concerning Trooper Nalls's involvement in the police pursuit that culminated in Plaintiff's injuries and his involvement in Plaintiff's transport to and care at the Chilton County Jail.   Was Trooper Nalls one of the "Defendants" in the patrol cars on the interstate when Plaintiff passed by on his motorcycle?  (Am. Compl. ¶ 6.)  Where was Trooper Nalls when Detective Bone "began to pursue Plaintiff"?  (Am. Compl. ¶ 7.)  In a brief, counsel for Plaintiff says that Trooper Nalls "was on the scene of the Plaintiff's accident."  (Pl.'s Resp. to Mot. to Dismiss, at 3.)  However, there are no allegations that Trooper Nalls was present on the scene after Plaintiff was ejected from his motorcycle and was lying on the ground incapacitated (*see* Am. Compl. ¶¶ 11–17), and "[s]tatements by counsel in briefs are not evidence."  *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1270 (11th Cir. 2013) (internal quotation marks and citation omitted).  If Trooper Nalls was at the scene and observed Plaintiff after the motorcycle crash, Plaintiff must allege those facts in the pleadings, not in a brief.  Moreover, did Trooper Nalls transport Plaintiff to the Chilton County jail?  (Am. Compl. ¶ 17 ("Plaintiff was taken to the Chilton County Jail.").)   At the jail, did all three "Defendants"

simultaneously remove Plaintiff from the transport vehicle?  (Am. Compl. ¶ 18.)
Was Trooper Nalls even at the Chilton County Jail?  As illustrated, the amended
complaint's collective references to "Defendants" leave too many unanswered
questions to provide Trooper Nalls "fair notice" of the conduct Plaintiff attributes to
him. *Twombly*, 550 U.S. at 555.

These factual ambiguities are easy to rectify.  Plaintiff can replead his
amended complaint to omit the collective references to "Defendants" and to allege
Officer Nalls's involvement from the time the police pursuit began to the time of
Plaintiff's incarceration at the Chilton County Jail.  Plaintiff can allege whether
Officer Nalls was on the scene of the motorcycle crash, and, if so, what Officer Nalls
observed.

Because, if Plaintiff repleads the amended complaint, he might be able to set
forth factual allegations that "'possess enough heft' to set forth 'a plausible
entitlement to relief[,]'" *Stephens*, 500 F.3d at 1282 (quoting *Twombly*, 550 U.S.
at 557, 559), and that overcome a qualified immunity defense, Plaintiff's action
against Trooper Nalls will not be dismissed at this time.  To elaborate, Plaintiff has
pleaded a serious medical need that would have been obvious to a layperson:
Plaintiff was ejected from a speeding motorcycle, was knocked unconscious, and
was unable to move when he gained consciousness.  If Officer Nalls was on the
scene and had personal knowledge of Plaintiff's paralyzed physical condition and of

his cries for help, the allegations are plausible that Officer Nalls had subjective knowledge of a risk of serious harm to Plaintiff.  Additionally, if under those circumstances, Officer Nalls refused to have Plaintiff transported directly to the hospital instead of to the jail and failed to provide Plaintiff with emergency medical care immediately upon his arrival at the jail, Plaintiff will have alleged plausibly that Officer Nalls disregarded a risk of serious harm to Plaintiff.  *See Bozeman v. Orum*, 422 F.3d 1265, 1273 (11th Cir. 2005) ("When prison guards ignore without explanation a prisoner's serious medical condition that is known or obvious to them, the trier of fact may infer deliberate indifference."), *overruled on other grounds by Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015); *Brown v. Hughes*, 894 F.2d 1533, 1538 (11th Cir. 1990) ("[A]n unexplained delay of hours in treating a serious injury states a prima facie case of deliberate indifference.").  Finally, Plaintiff alleges that he "was forced to suffer pain beyond that which was necessary." (Am. Compl. ¶ 31.) Again if Officer Nalls was present on the scene and had knowledge of Plaintiff's physical condition, the allegations plausibly would establish conduct that is more than gross negligence.

Trooper Nalls also is correct that he can raise qualified immunity as a defense in a motion to dismiss. *See Sebastian v. Ortiz*, 918 F.3d 1301, 1307 (11th Cir. 2019). But he is wrong that the availability of this defense subjects a complaint to a heightened pleading standard.  Heightened pleading has not been the law of the

circuit for a decade.  In *Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010), the Eleventh Circuit explained that, "[a]fter *Iqbal* it is clear that there is no 'heightened pleading standard' as it relates to cases governed by Rule 8(a)(2), including civil rights complaints." *Id.* at 710 (citing *Iqbal*, 556 U.S. at 662).  The *Randall* court recognized that prior Eleventh Circuit decisions applying "a heightened pleading standard for § 1983 cases involving defendants able to assert qualified immunity . . . were effectively overturned by the *Iqbal* court."  *Id.* at 709.

If after Plaintiff repleads the amended complaint, Trooper Nalls still believes in good faith that a motion to dismiss based upon the defense of qualified immunity is appropriate, then he may file a subsequent motion to dismiss.

## V.  CONCLUSION

For the reasons above, it is ORDERED as follows:

(1)   Plaintiff is GRANTED until **March 30, 2020**, to file a second amended complaint that complies with the requirements of Rule 8(a) and this Order;

(2)   Failure of Plaintiff to file a second amended complaint by the March 30 deadline will result in dismissal of this action against Trooper Nalls; and

(3)   Defendant Nalls's motion to dismiss (Doc. # 17) is DENIED without prejudice.

DONE this 11th day of March, 2020.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE

10