IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KENDERRELL PERRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:19-CV-196-WKW |
| ) | [WO] |
| DETECTIVE DAVID BONE, ) | |
| individually; TROOPER ) | |
| THOMAS NALLS, individually; ) | |
| and OFFICER JASON HARRIS, ) | |
| individually, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

This action arises from a police pursuit, which ended when an officer's patrol cruiser struck Plaintiff's motorcycle. The force of the impact ejected Plaintiff from the motorcycle, and he sustained serious injuries for which he now seeks recovery. Before the court is Defendant Trooper Thomas Nalls's motion to dismiss Plaintiff's second amended complaint. (Doc. # 27.) The second amended complaint is the product of the court's directive that Plaintiff replead his impermissible shotgun complaint. As alleged, Trooper Nalls, although not the officer involved in the chase, was at the scene after the crash, observed Plaintiff's physical plight, and heard Plaintiff's screams for help. Plaintiff brings a Fourteenth Amendment claim against Trooper Nalls under 42 U.S.C. § 1983, alleging that he was deliberately indifferent

to Plaintiff's serious medical need because he did not seek medical treatment for Plaintiff. Moving to dismiss the complaint, Trooper Nalls contends that Plaintiff's second amended complaint "still fails to yield a cognizable claim" against him and that he is entitled to qualified immunity. (Doc. # 31, at 7.) For the reasons to follow, the motion is due to be denied.

## I.  JURISDICTION AND VENUE

Subject-matter jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343. Personal jurisdiction and venue are not contested.

## II.  STANDARD OF REVIEW

When evaluating a motion to dismiss pursuant to Rule 12(b)(6), the court must take the facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff. *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321–22 (11th Cir. 2012). To survive Rule 12(b)(6) scrutiny, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The law "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S.

at 555). The complaint must contain more than "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Stated differently, the factual allegations in a complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief.'" *Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 557, 559).

A defendant can raise the defense of qualified immunity on a motion to dismiss under Rule 12(b)(6). *Sebastian v. Ortiz*, 918 F.3d 1301, 1307 (11th Cir. 2019). If the defense of qualified immunity is apparent from the face of the complaint, it is subject to dismissal under Rule 12(b)(6). *See Fortner v. Thomas*, 983 F.2d 1024, 1028 (11th Cir. 1993).

### III. BACKGROUND

A prior Order required Plaintiff to replead his complaint against Trooper Nalls. (Doc. # 23.) The second amended complaint, which is the result of that repleading, alleges the following as to Trooper Nalls.[1]

On March 24, 2017, Plaintiff was travelling on Interstate 65 on a motorcycle when he "noticed patrol cars with their lights on as he approached the Defendants." (2nd Am. Compl. ¶¶ 5–6.) Detective David Bone started following Plaintiff. Rather

---

[1] Plaintiff also sues two City of Clanton police officers: Detective David Bone and Officer Jason Harris. They jointly filed an answer to the second amended complaint. (Doc. # 28.) This opinion addresses only Plaintiff's claim against Trooper Nalls.

than pulling over, Plaintiff "panicked" and accelerated speed. (2nd Am. Compl. ¶¶ 7–8.) Detective Bone then "sped up and struck Plaintiff's motorcycle with his vehicle." (2nd Am. Compl. ¶ 9.) Plaintiff lost control of his motorcycle, "flew off," "slammed into the ground," and was "knocked unconscious." (2nd Am. Compl. ¶¶ 10–12.) When he regained consciousness at the accident scene, Plaintiff was unable to move or "walk and was suffering from excruciating pain in his neck, arm, and legs." (2nd Am. Compl. ¶¶ 13, 32.)

Trooper Nalls was at the scene "after Plaintiff was struck by Defendant Bone's vehicle and was ejected from his motorcycle." (2nd Am. Compl. ¶ 30.) He had "personal knowledge" that Plaintiff initially was unconscious and that, upon gaining consciousness, Plaintiff "had serious medical needs, namely, the inability to walk after [having] been thrown from a motorcycle at a 'high rate of speed' . . . ." (2nd Am. Compl. ¶ 31.) Positioned within earshot of Plaintiff, Trooper Nalls also knew that Plaintiff "was in pain," both because Plaintiff told him and because Plaintiff was "screaming out" in agony. (2nd Am. Compl. ¶¶ 34–35.) Yet, he ignored "Plaintiff's cries for help" and "chose not to take Plaintiff to the hospital to get him the medical attention he desperately needed." (2nd Am. Compl. ¶¶ 33, 35.) Instead, Plaintiff was transported to the Chilton County jail. (2nd Am. Compl. ¶ 20.)

Plaintiff was not taken to a hospital until twenty-four hours after his booking at the jail. (2nd Am. Compl. ¶¶ 19, 22.) It was determined that he had suffered a broken neck, wrist, and leg. (2nd Am. Compl. ¶ 14.)

Based on the foregoing averments, Plaintiff brings a § 1983 Fourteenth Amendment claim against Trooper Nalls in his individual capacity, alleging that he was deliberately indifferent to Plaintiff's serious medical need. Trooper Nalls argues that the second amended complaint is subject to dismissal under Rule 12(b)(6) because the allegations demonstrate that the defense of qualified immunity bars recovery on the claim.

## IV. DISCUSSION

Government officials acting within their discretionary authority are entitled to qualified immunity from suit unless (1) their actions "violated a constitutional right" and (2) the "right was clearly established at the time of the alleged violation."[2] *Patel v. Lanier Cty. Ga.*, 969 F.3d 1173, 1188 (11th Cir. 2020) (citation and internal quotation marks omitted). "[U]nder the most favorable version of the facts alleged," the second amended complaint satisfies both steps—Trooper Nalls's actions violated a clearly established constitutional right. *Fortner*, 983 F.2d at 1028 (citation

---

[2] There are no allegations that foreclose a finding that Trooper Nalls was acting within his discretionary authority as a law enforcement officer when he was on the scene after the police pursuit had ended.

omitted). Therefore, qualified immunity does not bar Plaintiff's claim against Trooper Nalls.

**A. The second amended complaint pleads a violation of a constitutional right.**

The analysis begins "by identifying the specific constitutional right allegedly infringed," which, here, is Plaintiff's Fourteenth Amendment due process right that Trooper Nalls allegedly infringed upon by being deliberately indifferent to Plaintiff's serious medical need. *Corbitt v. Vickers*, 929 F.3d 1304, 1313 (11th Cir. 2019), *cert. denied*, 141 S. Ct. 110 (2020). To succeed on this Fourteenth Amendment claim, a plaintiff must show: (1) a serious medical need; (2) the defendant's deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Youmans v. Gagnon*, 626 F.3d 557, 563 (11th Cir. 2010) (citation, internal quotation marks, alterations omitted); *see also Goebert v. Lee County*, 510 F.3d 1312, 1326 (11th Cir. 2007) (The Due Process Clause of the Fourteenth Amendment "governs pretrial detainees . . . . However, the standards under the Fourteenth Amendment are identical to those under the Eighth [Amendment].").

Trooper Nalls argues that the second amended complaint alleges nothing more than his "presence at the scene" and "makes no specific factual allegations" that he was deliberately indifferent to Plaintiff's serious medical need. (Doc. # 27, at 2, 4.)

Viewed in Plaintiff's favor, the allegations plead the three elements of a deliberate indifference claim against Trooper Nalls.

First, "[a] serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention," *Youmans*, 626 F.3d at 564 (citation and internal quotation marks omitted), "and, in either instance, that, if left unattended, poses a substantial risk of serious harm," *Patel*, 969 F.3d at 1188 (citation and internal quotation marks omitted). Because there are no allegations that medical personnel were on the scene to render a diagnosis, the allegations must establish that "even a lay person would easily recognize the necessity for a doctor's attention." *Youmans*, 626 F.3d at 564. It easily can be inferred from the allegations that Plaintiff's physical condition was serious. The court previously found that Plaintiff "has pleaded a serious medical need that would have been obvious to a layperson: Plaintiff was ejected from a speeding motorcycle, was knocked unconscious, and was unable to move when he gained consciousness." (Doc. # 23, at 8.) Additionally, as the Eleventh Circuit has explained, "even to a layperson, unconsciousness alone should serve as a strong indicator of the need for immediate medical attention, at least where . . . context doesn't indicate a benign explanation."[3]

---

[3] While *Patel* was decided on summary judgment on different facts, it is instructive for assessing whether Plaintiff has alleged sufficient facts to state a claim for deliberate indifference

*Patel*, 969 F.3d at 1189.  Trooper Nalls has not argued, for obvious reason, that "a benign explanation" existed for Plaintiff's unconsciousness.  *Id.*  The facts demonstrate that Plaintiff's "unconsciousness was a sign of distress."  *Id.*  Moreover, upon gaining consciousness, Plaintiff was unable to walk and was screaming out in pain, all of which is sufficient to indicate to those present at the scene, including Trooper Nalls, that Plaintiff had a serious medical need.

Second, contrary to Trooper Nalls's protestation, the allegations amply plead the subjective prong of a deliberate indifference claim, which entails a defendant's "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence."  *Id.* (citation and internal quotation marks omitted) (alterations in original).  A defendant's subjective state of mind can be inferred circumstantially "from the very fact that the risk was obvious.'"  *Id.* at 1190 (citation and internal quotation marks omitted).

Trooper Nalls was on the scene after the motorcycle crash.  He observed Plaintiff's distraught condition firsthand and heard Plaintiff's cries of pain.  Construed in Plaintiff's favor, the factual inferences establish that Trooper Nalls "witnessed symptoms that even a layperson could recognize as indicating" a risk of serious harm.  *Id.*  These allegations are sufficient to infer Trooper Nalls's

---

to a serious medical need and, as discussed below, for determining whether the allegations demonstrate the violation of a clearly established constitutional right.

8

"subjective knowledge of a risk of serious harm." *Id.*; (*see also* Doc. # 23, at 8–9 ("If Officer Nalls was on the scene and had personal knowledge of Plaintiff's paralyzed physical condition and of his cries for help, the allegations are plausible that Officer Nalls had subjective knowledge of a risk of serious harm to Plaintiff.").) The facts also plausibly suggest Trooper Nalls's "disregard" of the risk of serious harm because Trooper Nalls did not intervene to obtain medical treatment for Plaintiff. In the face of Plaintiff's serious medical need, Trooper Nalls did nothing. *Patel*, 969 F.3d at 1190. Finally, because Trooper Nalls's conduct indicates that he "utterly refused to respond to the severe symptoms that he saw" and heard, the law deems his conduct "worse than gross negligence." *Id.* In short, Plaintiff has sufficiently pleaded Trooper Nalls's deliberate indifference to his serious medical need, thus, satisfying the second element.

Third, the allegations, taken as true, demonstrate that Trooper Nalls's failure to obtain medical treatment for Plaintiff caused harm to Plaintiff. Plaintiff was injured from the crash. He alleges that he "suffered a broken neck, broken wrist, and broken leg." (2nd Am. Compl. ¶ 14.) Based on these injuries, it is reasonable to infer that Trooper Nalls's failure to seek medical treatment for Plaintiff "forced [Plaintiff] to suffer pain beyond that which was necessary." (2nd Am. Compl. ¶ 37.)

In sum, the allegations "'possess enough heft' to set forth 'a plausible entitlement to relief'" on a Fourteenth Amendment claim against Trooper Nalls for

deliberate indifference to Plaintiff's serious medical need. *Stephens*, 500 F.3d at 1282 (quoting *Twombly*, 550 U.S. at 557, 559). The analysis, thus, turns to the second inquiry for qualified immunity, namely, whether this constitutional right was clearly established.

**B.    The allegations set forth the violation of a clearly established constitutional right.**

"A right is clearly established when the state of the law gives the defendants fair warning that their alleged conduct is unconstitutional." *Patel*, 969 F.3d at 1186 (cleaned up). The Eleventh Circuit has recognized alternative methods for demonstrating that the state of the law gives officials fair warning of a clearly established right. *See Corbitt*, 929 F.3d at 1312. Trooper Nalls focuses on the method by which a plaintiff relies upon "a materially similar case [that] has already been decided." *Id.* He faults Plaintiff for failing to cite a previously decided case with materially similar facts establishing an officer's liability "for deliberate indifference by virtue of being on the scene, within earshot of a screaming accident victim." (Doc. # 31, at 7.) However, a plaintiff need not pinpoint a materially similar case to establish fair warning in the law where he can show that the facts, even though novel, are governed by a "broader, clearly established principle." *Patel*, 969 F.3d at 1190. Plaintiff can make that showing here.

The second amended complaint's allegations, even if without a factual analogue in the controlling caselaw, overcome Trooper Nalls's qualified immunity defense. In *Patel*, which addressed qualified immunity on a Fourteenth Amendment deliberate indifference claim, the Eleventh Circuit recognized the following well-established, broad principle: "'The knowledge of the need for medical care and intentional refusal to provide that care has consistently been held to surpass negligence and constitute deliberate indifference.'" 969 F.3d at 1190 (quoting *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 704 (11th Cir. 1985)). It held: "This broad principle has put all law-enforcement officials on notice that if they actually know about a condition that poses a substantial risk of serious harm and yet do nothing to address it, they violate the Constitution. No more notice [is] necessary . . . ." *Id.* at 1190–91 (quoting *Bozeman v. Orum*, 422 F.3d 1265, 1273 (11th Cir. 2005) (alteration added)).

Here, as alleged, Trooper Nalls "provided no timely aid—he was confronted with a serious medical need and did nothing." *Id.* at 1191. "[S]uch complete abdication in the face of a known serious need is unconstitutional," *id.*, and, thus, qualified immunity does not protect Trooper Nalls from suit.

## V. CONCLUSION

The second amended complaint alleges sufficient facts—which at this juncture are presumed true—to establish that Trooper Nalls's inaction in the face of

Plaintiff's serious medical need violated a clearly established Fourteenth Amendment right.  Therefore, Trooper Nalls is not entitled to qualified immunity.  Accordingly, it is ORDERED that Trooper Nalls's motion to dismiss Plaintiff's second amended complaint (Doc. # 27) is DENIED.

DONE this 3rd day of March, 2021.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE